[Cite as *State v. Kimmie*, 2014-Ohio-2653.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100750**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TYSHAWN KIMMIE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-560898-B

**BEFORE:** Jones, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 19, 2014

**ATTORNEY FOR APPELLANT**

R. Brian Moriarty
1370 Ontario Street
Suite 2000
Cleveland, Ohio 44113

**FOR APPELLANT**

Tyshawn Kimmie, pro se
Inmate No. A632995
Mansfield Corectional Institution
1150 N. Main Street
Mansfield, Ohio 44903

**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Tyshawn Kimmie appeals from the trial court's November 2013 sentencing judgment entry. We affirm.

{¶2} In 2012, Kimmie was charged with several crimes stemming from his involvement in a shoot-out with rival gang members after a back-to-school party. A 15-year-old girl died and two other youths sustained serious injuries as a result of the shoot-out. The victims were innocent bystanders.

{¶3} The case proceeded to a jury trial; the jury found him guilty of murder, reckless homicide, and two counts of felonious assault, along with firearm specifications. The trial court sentenced him to 24 years to life, which included consecutive sentences.

{¶4} Kimmie appealed, and this court upheld the convictions, but reversed the sentence for noncompliance with the statutory mandates for consecutive sentences; the case was remanded for resentencing, limited to a review of whether the record supported the imposition of consecutive sentences, and if so, making the required findings. *State v. Kimmie*, 8th Dist. Cuyahoga No. 99236, 2013-Ohio-4034.

{¶5} In November 2013, the trial court resentenced Kimmie to 24 years to life that again included consecutive sentences. Kimmie was appointed counsel, who filed a notice of appeal. Appellate counsel has filed a motion to withdraw and brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), indicating that, after a thorough review of the record, proceeding with the appeal would be frivolous. Counsel served Kimmie with a copy of the motion to withdraw and *Anders* brief. This

court granted Kimmie until May 19, 2014, to file a pro se brief; he has not filed a brief.

{¶6} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.*

{¶7} Once the defendant's counsel satisfies these requirements, this court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If we also determine that the appeal is wholly frivolous, we may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶8} Appellate counsel has complied with the *Anders* requirements. We proceed with an independent review of the only issue that could be presented in this appeal: the imposition of consecutive sentences.

{¶9} In imposing consecutive sentences, R.C. 2929.14(C)(4) requires that the trial court must find that the sentence is "necessary to protect the public from future crime or to punish the offender," that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and the existence of one of the three statutory factors set forth in R.C.

2929.14(C)(4)(a)-(c), which are as follows:

> (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶10}** At the resentencing hearing, the trial court stated the following in sentencing Kimmie to consecutive terms:

> [W]e have three young people either killed or severely injured and the fact is that they were innocent bystanders in a crowd.
>
> Certainly they had no stake in this affair. There was nothing at all that could be pointed to them in terms of any kind of blame or anything of that nature. In that regard, this is a particularly egregious offense, and it does require in the Court's view consecutive sentences in order to punish the offender for that conduct.
>
> The Court also finds that consecutive sentences in this case would not be disproportionate to the seriousness of the offender's conduct and the danger that the offender [poses] to the public. The Court also finds that at least two of these multiple offenses were committed as part of one or more courses of conduct.
>
> Obviously it was a shooting spree on a city street. The harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the courses of conduct adequately reflect the seriousness of the offender's conduct.

**{¶11}** On this record, the trial court completely complied with making the findings under R.C. 2929.14(C) in sentencing Kimmie to consecutive terms. Because the imposition of consecutive sentences was the only possible issue for review in this appeal,

we find the appeal to be frivolous under *Anders*. We therefore grant counsel's request to withdraw and affirm the trial court's judgment.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR